

ZACHARY W. CARTER
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY

NICCOLA A. SANCOLLA
*Senior Counsel*
(212) 356-3527
(212) 356-3509
nsancoll@law.nyc.gov

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 8/17/2018

The parties shall be removed from the S.D.N.Y. Local Civil Rule 83.10 Plan for Section 1983 Cases against the City of New York. The deadline for all defendants to answer or otherwise respond to the Complaint is hereby extended to September 28, 2018.

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: <u>Jarzette Jacobs, et al., v. City of New York, et al.</u>, 18 CV 3275 (VSB)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of the above-referenced matter. In that capacity, I write with consent of plaintiffs' counsel, Jeffrey Rothman, Esq., to respectfully request that this matter be removed from the Southern District of New York's Plan for Certain Section 1983 Cases against The City of New York (the "Section 1983 Plan").

      Plaintiffs allege, *inter alia*, that on January 14, 2017, members of the New York City Police Department subjected Jah'Lire Nicholson to deadly excessive force inside of his home in Queens. Due to the serious nature of plaintiffs' allegations, defendant respectfully submits that it would be more appropriate for this matter to proceed under a regular discovery schedule rather than that which is set forth under the Section 1983 Plan. In that regard, the discovery needed to properly evaluate the prospect of settlement in a case stemming from a police-involved shooting is both far more complex and extensive than the type needed in more traditional Section 1983 Plan cases. Accordingly, the parties submit that it would be more efficient to proceed with regular discovery now and then pursue settlement at a later date should we feel talks would be fruitful only after all of the relevant materials have been exchanged. The mediation contemplated by the Section 1983 Plan would almost certainly be premature in a case such as this.

      Should the Court grant the instant request, defendant City respectfully requests until September 28, 2018, in order to answer or otherwise respond to the complaint. Plaintiffs' counsel consents to this request as well. The reason for this request is that before we can

adequately respond to plaintiffs' complaint, we will need to conduct an investigation into the facts of the case. Given the allegations in this case concerning a police-involved shooting, defense counsel needs to obtain the relevant records generated as a result of the underlying incident. In that regard, plaintiffs' counsel has provided the requisite authorizations and these records were recently requested. Without the records, which in this case will likely prove quite voluminous due to the nature of the underlying incident, defendant cannot properly assess this case or respond to the complaint. Accordingly, defendant requires this enlargement so that this Office may obtain the underlying documentation, properly investigation the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

In addition to the City of New York, plaintiffs name Police Officer Djafar Tsaabbast and Police Officer Daniel DeCario as defendants. According to the docket sheet, these individuals have been served with process. Without making any representation on behalf of these individuals, it is respectfully requested that, assuming they have been properly served, their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.

Thank you for your attention to the within matters.

Respectfully submitted,

/s/

Brian Francolla
Senior Counsel
Special Federal Litigation Division

cc:   By ECF
      Jeffrey Rothman, Esq.
      Gabriel Harvis, Esq.
      Baree Fett, Esq.
      *Attorneys for Plaintiffs*